IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAY PEREZ, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO.: |
| TIME WARNER CABLE | § § | |
| *Defendant.* | § § § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**
---

Time Warner Cable, Defendant in the above-entitled and numbered action, files this Notice of Removal from state court in accordance with 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof respectfully, shows the following:

### I.   INTRODUCTION

Defendant Time Warner Cable removes this state-law action brought by a former employee, Plaintiff Ray Perez, based upon federal question jurisdiction. *See* 28 U.S.C. § 1331 and 1441(a). Perez's Original Petition alleges violations of the Family Medical Leave Act (FMLA) and claims for race discrimination under section 1981(a) of the Civil Rights Act of 1866, 42 U.S.C. § 1982, et seq. Time Warner Cable accordingly removes Perez's state court action based upon federal question jurisdiction, and it does so within the required period for removal.

### II.   FACTUAL BACKGROUND

On June 11, 2015, Plaintiff Ray Perez filed a lawsuit against Time Warner Cable in the 197th Judicial District Court in Cameron County, Texas. Perez's lawsuit is styled *Ray Perez v.*

*Time Warner Cable*, Cause No. 2015-DCL-03519, and alleges statutory violations of the FMLA and race discrimination under 42 U.S.C. § 1981.  Ex. A, Pl.'s Orig. Pet.  On June 26, 2015, Defendant Time Warner Cable was served with Plaintiff's Original Petition.  *See* Ex. B, Citation & Affidavit of Service.  Time Warner Cable thereafter timely filed its General Denial and Defenses in Texas state court on July 17, 2015.  *See* Ex. C, Def.'s General Denial & Defenses.

### III.     ARGUMENTS & AUTHORITIES

**A.     Court Has Federal Question Jurisdiction**

Removal in the instant case is appropriate because Plaintiff seeks relief under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  *See id.* at § 1331. "A case 'arises under' federal law within the meaning of § 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (internal quotation removed).  Under the well-pleaded complaint rule, federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Where, as here, a plaintiff's statement of his own cause of action shows that it is based on federal law, the plaintiff has raised a federal question permitting removal to federal court.  *See PCI Transp., Inc. v. Fort Worth & Western R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).  In the present case, Plaintiff states on the face of his complaint that his claims arise under "the Family Medical Leave Act, and under Section 1981(a), of the Civil Rights Act of 1866, 42 U.S.C. 1981, et seq."  *See* Ex. A, Pl's Orig. Pet. at ¶ 3.  Thus, there is no question that Plaintiff's claims "arise" under federal law.

**B.     Removal is Procedurally Proper**

Venue is proper in the Southern District of Texas, Brownsville Division, under 28 U.S.C. § 1446(a). The Southern District of Texas, Brownsville Division embraces the place in which the removed action is pending, and it is where a substantial part of the events giving rise to Perez's claims allegedly occurred.

Time Warner Cable was served with a copy of the civil summons and Original Petition on June 26, 2015 by certified mail through its registered agent. Time Warner Cable accordingly timely filed this Notice of Removal within thirty days of service as required by 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(a), Time Warner Cable attaches true and correct copies of Plaintiff's Original Petition (Ex. A), Citation and Affidavit of Service (Ex. B), Defendant's General Denial and Defenses (Ex. C), and State Court Docket Sheet (Ex. D), which constitute all process, pleadings, and orders served to date. Defendant also encloses a copy of its State Court Notice of Removal (Ex. E), which will be filed in the 197th Judicial District Court in Cameron County, Texas.

Pursuant to 28 U.S.C. § 1446(d), promptly after this notice is filed, Time Warner Cable will serve written notice of the filing of this Notice on Plaintiff. Likewise, a true and correct copy of this Notice also will be filed with the clerk of the 197th Judicial District Court in Cameron County, Texas, promptly after Time Warner Cable files this Notice.

### IV.     CONCLUSION & PRAYER

For the foregoing reasons, Defendant Time Warner Cable requests this action be removed from the 197th Judicial District Court in Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

/s/ Christine E. Reinhard
Christine E. Reinhard
Texas Bar No. 24013389
Southern District of Texas Bar No. 25545
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH:  (210) 447-8033
FX:  (210) 447-8036
creinhard@sr-llp.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT TIME WARNER CABLE**

OF COUNSEL:
Shannon B. Schmoyer
Texas Bar No. 17780250
Southern District of Texas Bar No. 15891
Brooke S. Waldrep
Texas Bar No. 24066802
Southern District of Texas Bar No. 2572166
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH:  (210) 447-8033
FX:  (210) 447-8036
sschmoyer@sr-llp.com
bwaldrep@sr-llp.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

David R. Joe
Anthony & Middlebrook, P.C.
1702 E. Tyler Street, Suite 1
Harlingen, Texas 78550

on this 23rd day of July, 2015.

/s/ Christine E. Reinhard
Christine E. Reinhard

4